UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN NEHEMIAS GOMEZ-JUAREZ (A# 203-615-305),

Petitioner,

v.

WARDEN,

Respondent.

No. 2:26-cv-01111 DAD SCR

FINDINGS & RECOMMENDATIONS

Petitioner, who was a federal immigration detainee at the time this case was filed, is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition challenged Petitioner's ongoing detention without bond under the Due Process Clause of the Fifth Amendment and 8 U.S.C. § 1226(a). The District Judge referred the matter to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. ECF No. 7.

**I. Factual and Procedural History**

On March 27, 2026, the District Judge ordered, by way of preliminary injunctive relief, Petitioner's release and that Petitioner not be re-detained by immigration officials absent certain constitutional protections. ECF No. 7. More recently, the undersigned directed the parties "to submit any additional briefs on the merits, or any stipulation as to how this petition should be resolved[.]" ECF No. 8. Respondents filed a response seeking dismissal of the petition on two grounds: (1) failure to prosecute, Local Rule 183(b); and (2) mootness. ECF No. 9. Petitioner

did not file a response.

**II. Analysis**

**A. Failure to Prosecute Under Local Rule 183(b)**

Local Rule 183(b) provides:

> A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Local Rule 183(b). Here, the Docket still reflects Petitioner's mailing address at the California City Detention Center despite his release in March. Respondents argue a Local Rule 183(b) dismissal is proper because "the Clerk's mail to Petitioner was returned on April 6 and April 9, 2026, and no address update has been filed for nearly four months—well beyond the Rule's deadline." ECF No. 9.

When deciding whether to recommend dismissal for failure to prosecute, the court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir.1987)). These factors are "not a series of conditions precedent before the judge can do anything," but a "way for a district judge to think about what to do." In re PPA, 460 F.3d at 1226 (quoting Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998)). Dismissal for failure to prosecute is solely within the court's discretion. Olivia v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992). "[D]ismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). To dismiss for want of prosecution, there must also be an unreasonable delay in prosecution, which delay "creates a presumption of injury to the defense." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

Here, while docket management interests favor dismissal, the undersigned finds that on

balance a dismissal for failure to prosecute is unwarranted. Respondent does not allege any prejudice resulting from Petitioner's failure to update his address after his release pursuant to Judge Drozd's grant of preliminary injunctive relief. Moreover, Petitioner explained in the petition that immigration officials detained him in Maryland while he was at work, ECF No. 1 at 4-5, and attached letters of support from his brother, friend, and his Baltimore-based pastor, id. at 18-20. Petitioner presumably returned to his community in Maryland after release. The undersigned does not find his failure to update his address with a federal court on the other side of the country deserving of sanctions—particularly when, as explained below, he is at risk of re-detention without permanent relief. Accordingly, Respondent's request to dismiss the action for failure to prosecute under Local Rule 183(b) should be denied.

**B. Mootness**

The undersigned also rejects Respondent's move to dismiss the § 2241 petition as moot due to his release from detention. "Respondents have ceased their allegedly unlawful conduct and released Petitioner—not of their own volition—but because the District Court ordered it. But the District Court's TRO and preliminary injunction, by definition, afford no permanent relief. If this case is dismissed as moot without further relief, Respondents will no longer be prohibited from re-detaining Petitioner without pre-deprivation process." Y.L.S. v. Santacruz, No. 5:25-cv-02927-CV-MBK, 2026 WL 734586 (C.D. Cal. Feb. 5, 2026), report and recommendation adopted, No. 5:25-CV-02927-CV-MBK, 2026 WL 710388 (C.D. Cal. Mar. 13, 2026). Thus, Petitioner continues to face "collateral consequences" because "[a]bsent further court-ordered relief, Petitioner could be re-detained at the Government's discretion 'at any time.'" Y.L.S., 2026 WL 734586, at *4 (quoting Diouf v. Napolitano, 634 F.3d 1081, 1084 n.3 (9th Cir. 2011), overruled on other grounds by Johnson v. Arteaga-Martinez, 596 U.S. 573 (2022)). Therefore, the pending § 2241 petition is not moot.

**CONCLUSION**

Having rejected Respondent's arguments for dismissal, the undersigned turns to the merits of the petition. For the reasons indicated in the Court's order granting a preliminary injunction, which the undersigned adopts and incorporates as if separately set forth herein, it is recommended

that petitioner's § 2241 application be granted based on the violation of Petitioner's Fifth Amendment right to due process.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted on the Fifth Amendment procedural due process claim only.

2. The Court deny the remaining claims in the § 2241 petition in the interests of judicial economy since the requested relief has been granted.

3. The preliminary injunctive relief previously granted be made permanent.

4. All pending motions, if any, be denied as moot.

5. The Clerk of Court close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 4, 2026



SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE